1  Baruch C. Cohen, Esq. (SBN 159455)
   **LAW OFFICE OF BARUCH C. COHEN**
2     A Professional Law Corporation
   4929 Wilshire Boulevard, Suite 940
3  Los Angeles, California 90010
   (323) 937-4501      Fax (888) 316-6107
4  e-mail: baruchcohen@baruchcohenesq.com

5  *Attorney For Defendant Guy Griffithe*

6

7                  UNITED STATES BANKRUPTCY COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                          SANTA ANA DIVISION

10

| | |
|---|---|
| In re | Case No. 8:19-bk-12480-TA |
| GUY GRIFFITHE, | Adv. 8:19-ap-01195-TA |
| Debtor | Before the Honorable Theodor Albert |
| | Chapter 7 |
| REBECCA JOAN JOSEPH, JONATHAN JOSEPH, STEVEN KRAMER, AND JASON JOSEPH, | **LIMITED SUPPLEMENTAL BRIEF RE: CANNABIS IN FURTHERANCE OF MOTION TO DISMISS COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT [11 U.S.C. § 523(a)(2)(A) and (a)(4)]** |
| Plaintiff | |
| vs. | Date: 3-5-2020 |
| GUY GRIFFITHE | Time: 11:00 am |
| Defendant | Courtroom: 5B |
| | Place: 411 West Fourth Street, Santa Ana CA |

      Defendant *Guy Griffithe* ("Defendant") hereby files a limited supplemental brief re: Cannabis in furtherance of the Motion to Dismiss Motion to Dismiss Complaint to Determine Dischargeability of Debt [11 U.S.C. § 523(a)(2)(A) and (a)(4)("Motion").

      At the 1-16-2020 hearing on the Motion, this Court issued the following Scheduling Order: (1) Defendant's Supplemental Brief to Motion to Dismiss re Cannabis Due 2-20-2020; (2) Plaintiff's Supplemental Brief to Motion to Dismiss re Cannabis Due 3-2-2020; (3) Defendant's Supplemental Brief to Motion to Dismiss re Cannabis Due 3-8-2020.

2/20-12:43pm

First, on 2-13-2020, Defendant's counsel Baruch Cohen filed a *Motion to Withdraw as Counsel of Record for Defendant Guy Griffithe* [Doc-30], and filed an *Application shortening time re Motion To Withdraw As Counsel Of Record For Defendant Guy Griffithe* [Doc-32]. On 2-18-2020, this Court granted Defendant's *Order Granting Application and Setting Hearing on Shortened Notice, Re: Motion to Withdraw as Counsel of Record for Defendant Guy Griffithe,* scheduling the hearing on the Motion on 2-27-2020 at 11:00am. Cohen is awaiting the Court's Order Granting the Motion. Accordingly, Defendant requests that this Court should consider rescheduling the hearing on this Motion so that Defendant can retain new counsel to brief it more comprehensively.

Second, the Supplemental Briefing was to address is whether the bankruptcy court has subject matter jurisdiction in an adversary proceeding where the Plaintiffs seek to have Defendant/Debtor's debts, incurred through alleged malfeasance, adjudicated as nondischargeable despite the underlying cannabis business venture being simultaneously legal under state law and illegal under federal law?

Admittedly, there is a dearth of case law on this subject, making briefing it, all the more challenging.

As the Court noted:

> "...the only case cited by Defendant that comes close to addressing this precise issue is *Northbay Wellness Group v. Beyries*, 789 F.3d 956 (9th Cir. 2015). There, an attorney stole money from his client, a legal medical marijuana dispensary, and subsequently filed a Chapter 7 bankruptcy. Id. at 958 The dispensary instituted an adversary proceeding seeking to except its claim from discharge, but the bankruptcy court dismissed the adversary complaint under the "unclean hands" doctrine. Id. at 959 The Ninth Circuit reversed and remanded, explaining that the bankruptcy court failed to balance the parties' respective wrongdoings as required under that doctrine:
>
>> "The Supreme Court has emphasized, however, that the doctrine of unclean hands 'does not mean that courts must always permit a defendant wrongdoer to retain the profits of his wrongdoing merely because the plaintiff himself is possibly guilty of transgressing the law.' [*Johnson v.] Yellow Cab [Transit Co.*], 321 U.S. [383, 387, 64 S. Ct. 622, 88 L. Ed. 814 (1944)]. Rather, determining whether the doctrine of unclean hands precludes relief requires balancing the alleged wrongdoing of the plaintiff against that of the defendant, and 'weigh[ing] the substance of the right asserted by [the] plaintiff against the transgression which, it is contended, serves to foreclose that right.' *Republic Molding Corp. v. B.W. Photo Utils.*, 319 F.2d 347, 350 (9th Cir. 1963). In addition, the 'clean hands doctrine should not be strictly enforced when to do so would frustrate a substantial public interest.' *EEOC v. Recruit U.S.A., Inc.*, 939 F.2d 746, 753 (9th Cir. 1991)." Id. at 960. The Ninth Circuit in Northbay did not analyze the issue of

whether the bankruptcy court had subject matter jurisdiction over the exception to discharge action."

Defendant posits as follows: the cases cited in Defendant's Reply asked the Bankruptcy Court to actively do something (ie., confirm a plan, administer assets, etc): In *Arenas*, 514 B.R. 887 (Bankr. D. Colo. 2014), the U.S. Bankruptcy Court for the District of Colorado dismissed a bankruptcy case in which the Chapter 7 trustee would be required to administer marijuana-related assets; & In *Rent-Rite Super Kegs West Ltd.*, 484 B.R. 799 (Bankr. D. Colo. 2012), the U.S. Bankruptcy Court for the District of Colorado considered a motion to dismiss a Chapter 11 case in which the debtor derived 25% of its revenue from leasing warehouse space to marijuana businesses.

Had the Plaintiff not filed this adversary action, the Debtor would have sailed through this bankruptcy, and the Bankruptcy Clerk would have automatically issued the Debtor's discharge, *carte-blanche*. Certainly, since the Chapter 7 Trustee deemed this a no asset case and abandoned interests in the estate [Doc-33], the Debtor would have slipped under Plaintiff's radar, and no Complaint was filed, he would have received his discharge, and the Bankruptcy Court would not have had to do anything. In theory, there would not have been a violation of the Controlled Substances Act of 1970 and several cases prohibiting the intersection of cannabis and bankruptcy, because no affirmative action by this Court would have been taken. So from the Debtor's perspective, his Chapter 7 case would not be effected by the Controlled Substances Act of 1970.

But because this Plaintiff took action and challenged the dischargeability of his claims under 11 U.S.C. § 523(a)(2)(A) and (a)(4), this Court is now being asked to take action - to determine the nondischargeability of said claim, thereby triggering the Controlled Substances Act of 1970.

While this might seem like hair-splitting, Defendant believes that it's truly a distinction worth noting.

Returning to the *Northbay Wellness Group v. Beyries (In re Beyries)*, the Defendant maintains that the trial court was on point in ruling that it could not enter a nondischargeability judgment for plaintiff (who transacted in medical marijuana) because they engaged in unlawful activity. Even though the activity was legal under state law, in a federal court the parties were "conspiring to sell contraband." The court found the plaintiff *in pari delicto* and dismissed the 11 U.S.C. § 523(a)(4)

adversary under the "unclean hands" doctrine. The subsequent reversal and remand by the appellate court because the bankruptcy court failed to sufficiently balance the parties' respective wrongdoings does not undo the trial court's correct analysis regarding the dischargeability of a marijuana-related transaction.

Judge Alan Jaroslovsky, the bankruptcy trial court in *Northbay* (# 10-01181)[Doc-20] ruled:

> "A federal court should not lend its judicial power to a plaintiff who seeks to invoke it that power for the purpose of consummating a transaction in clear violation of law. *Johnson v. Yellow Cab Co.*, 321 U.S. 383, 387 (1943). ***The unclean hands doctrine closes the doors of a court to one who is tainted relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant***. *E.E.O.C. v Recruit U.S.A., Inc.*, 939 F.2d 746, 752 (9th Cir. 1991). A plaintiff with unclean hands is not entitled to a judgement of nondischargeability from a bankruptcy court. *In re Uwimana*, 274 F.3d 806, 810 (4th Cir. 2001); In re Bromley, 126 B.R. 220, 223 (Bkrtcy.D.Md.1991)." [Emphasis added]

> The finding of unclean hands is not one which the court makes lightly or automatically. It is very unseemly for the court to be asked to grant relief to a plaintiff which claims it lost its cash from illegal drug sales by shoving it into envelopes and then delivering it to its attorney, uncounted and undocumented. This is hardly the behavior of a legitimate business. While the conduct of the parties may have been legal under state law, in the eyes of a federal court they were conspiring to sell contraband. They were *in pari delicto*, and the funds plaintiffs gave to Beyries were the actual proceeds of illegal drug sales. This is not the sort of case which is supposed to darken the doors of a federal court. See *Adler v. Federal Republic of Nigeria*, 219 F.3d 869, 882 (9th Cir. 2000)(Noonan,Circuit Judge, dissenting)

This Court focused on Defendant's involvement in cannabis-related transactions:

> The court is also concerned that if, as Debtor argues, the court lacks subject matter jurisdiction over the dischargeability issue, then Debtor is effectively able to hide behind the bankruptcy process and frustrate the creditors he may have defrauded. Worse still, it is at least conceivable that Debtor could even get his debts discharged despite his own purported wrongful conduct creating those debts. On its face, this result seems to offend the fundamental notions of equity that the bankruptcy court is charged with upholding.

Defendant maintains that while the Court acknowledged the "underlying illicit activity of both Plaintiffs and Debtor" the Court's primary focus on Defendant's (alleged, but unproven) wrongdoings, misses the point. Rather, the Court should shift and narrow its focus to Plaintiff's unclean hands, as he acted *in pari delicto* with Defendant, since he is the one who invested in the cannabis transactions and is "tainted relative to the matter in which he seeks relief, however improper may have been the behavior of the Defendant." As Judge Jaroslovsky correctly ruled: "the court cannot enter a judgment for Plaintiff because he was engaged in unlawful activity. While the sale of

marijuana may be legal under state law, it is a serious federal crime which cannot be legalized by a state. *Gonzales v. Raich*, 545 U.S. 1, 29 (2005)." Accordingly, this Court should "close the doors" to Plaintiff's nonndischargeability complaint, based on Plaintiff's unclean hands.

In *E.E.O.C. v Recruit U.S.A., Inc*., 939 F.2d 746, 752 (9th Cir. 1991), the court ruled that the clean hands doctrine should not be strictly enforced when to do so would frustrate a substantial public interest. In such cases, equity's lodestar that "justice be done" prevails. The Supreme Court has instructed that the clean hands doctrine:

> does not mean that courts must always permit a defendant wrongdoer to retain the profits of his wrongdoing merely because the plaintiff himself is possibly guilty of transgressing the law in the transactions involved. The maxim that he who comes into equity must come with clean hands is not applied by way of punishment for an unclean litigant but upon considerations that make for the advancement of right and justice.... It is not a rigid formula which trammels the free and just exercise of discretion.
>
> Yellow Cab, 321 U.S. at 387, 64 S.Ct. at 624 (quoting Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245-46, 54 S.Ct. 146, 147-48, 78 L.Ed. 293 (1933)) (citation and footnote omitted); see also Bangor Punta Operations, Inc. v. Bangor & Aroostook R.R. Co., 417 U.S. 703, 717 n. 14, 94 S.Ct. 2578, 2586 n. 14, 41 L.Ed.2d 418 (1974) ("It is not the function of courts of equity to administer punishment.... If a wrong-doer deserves to be punished, ***it does not follow that others are to be enriched at his expense by a court of equity***. A [party] must recover on the strength of his own case, not on the weakness of the [opponent's] case.").

Accordingly, Defendant respectfully requests that the Court enter an order granting the *Motion* in its entirety, and providing for such other and further relief as this Court deems just.

DATED:    February 20, 2020              LAW OFFICE OF BARUCH C. COHEN
                                          A Professional Law Corporation


                                          By    /S/ Baruch C. Cohen
                                          Baruch C. Cohen, Esq.
                                          *Attorney For Defendant Guy Griffithe*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4929 Wilshire Boulevard, Suite 940, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled: **LIMITED SUPPLEMENTAL BRIEF RE: CANNABIS IN FURTHERANCE OF MOTION TO DISMISS COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT [11 U.S.C. § 523(a)(2)(A) and (a)(4)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 2/20/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jamie E Wrage (PL)         jamie.wrage@streamkim.com, kimberly.trease@streamkim.com
Thomas H Casey (TR)        msilva@tomcaseylaw.com, thc@trustesolutions.net
United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On 2/20/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 2/20/2020,, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Theodor C. Albert, 411 West Fourth Street, Suite 5085, Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 2/20/2020 | Baruch C. Cohen, Esq. | /s/ Baruch C. Cohen |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    **F 9013-3.1.PROOF.SERVICE**